```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

APPLE GLEN INVESTORS,
L.P.,

    Plaintiff,

v.                              Case No: 8:14-cv-1527-T-33EAJ

EXPRESS SCRIPTS, INC.,

    Defendant.
_____/

### **ORDER**

    This cause comes before the Court pursuant to Plaintiff Apple Glen Investors, L.P.'s Motion to Determine Amount of Prejudgment Interest and to Direct Entry of Amended Final Judgment (Doc. # 90) and Motion for Attorneys' Fees and Costs (Doc. # 91), both filed on April 11, 2016.  For the reasons that follow, the Court denies the Motions without prejudice.

### **Discussion**

    On March 10, 2016, the Court entered its Findings of Fact and Conclusions of Law (Doc. # 86) after holding a bench trial.  On March 11, 2016, the Clerk of the Court entered Judgment in favor of Apple Glen in accordance with the Findings of Fact and Conclusions of Law. (Doc. # 87). Express Scripts, Inc. filed a timely Notice of Appeal on

April 7, 2016. (Doc. # 88). Thereafter, on April 11, 2016, Apple Glen filed the present Motions requesting prejudgment interest, attorneys' fees, costs, and entry of an Amended Judgment.

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matter involved in the appeal. In Green Leaf Nursery v. E.I. DuPont de Nemours & Co., 341 F.3d 1292, 1309 (11th Cir. 2003), the Eleventh Circuit explained: "The filing of an appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." However, notwithstanding the pendency of an appeal, the Court has discretion to deny a motion for attorney's fees without prejudice with leave to re-file after the appeal has concluded. See Fed. R. Civ. P. 54(d) (governing the procedure for awarding attorney's fees and costs). The Advisory Committee Notes to Rule 54(d)(2) provide that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer

its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Advisory Committee Notes to the 1993 amendment to Rule 54(d)(2).

Rather than resolving the Motions that are presently before the Court during the pendency of the appeal, the Court determines that the interests of justice would be better served by denying the Motions without prejudice and with leave to re-file after the conclusion of the appeal. This is especially appropriate because Apple Glen requests the entry of an Amended Final Judgment. Immediate resolution of the collateral issues raised after the filing of the Notice of Appeal is unlikely to assist the Court of Appeals, and attorney's fees and costs are often resolved in appellate mediation. See <u>Larson v. Correct Craft, Inc.</u>, No. 6:05-cv-686-Orl-31-GKJ, 2008 U.S. Dist. LEXIS 32311, at *3 (M.D. Fla. Apr. 18, 2008).

Thus, the Court denies the Motions without prejudice and with leave to re-file no later than fourteen days after

entry of a mandate by the Court of Appeals on Express Scripts' pending appeal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that

Plaintiff Apple Glen Investors, L.P.'s Motion to Determine Amount of Prejudgment Interest and to Direct Entry of Amended Final Judgment (Doc. # 90) and Motion for Attorneys' Fees and Costs (Doc. # 91) are **DENIED** without prejudice and with leave to re-file no later than fourteen days after entry of a mandate by the Court of Appeals on the pending appeal.

**DONE** and **ORDERED** in Chambers in Tampa, Florida on this 15th day of April, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE