UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APPLE GLEN INVESTORS, L.P.,

        Plaintiff,
v.                          Case No. 8:14-cv-1527-T-33EAJ

EXPRESS SCRIPTS, INC.,

        Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Defendant Express Scripts, Inc.'s Motion to Approve Supersedeas Bond and Stay Enforcement of Amended Judgment (Doc. # 111), filed on October 31, 2016. The Motion is unopposed. The Court grants the Motion as follows.

**Discussion**

On September 8, 2016, the Clerk of the Court entered an Amended Judgment in favor of Apple Glen in the amount of $6,284,465.25 (representing $4,654,688.65 in damages and $1,629,776.60 in prejudgment interest). (Doc. # 105). Express Scripts filed a Notice of Appeal on October 7, 2016. (Doc. # 107).

At this juncture, Express Scripts requests that the Court stay execution and approve a supersedeas bond in the amount of

$6,388,534.28. Express Scripts explains that this amount "is sufficient to protect the rights of all parties in interest." (Doc. # 111 at 2).

Federal Rule of Civil Procedure 62(d) governs motions to stay execution of a judgment and states: "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

In Prudential Insurance Company v. Boyd, 781 F.2d 1494, 1498 (11th Cir. 1986), the court instructed: "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal. It is within the court's discretion to fashion a security arrangement that protects the rights of both the judgment creditor and the judgment debtor." (citing Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979)). "Rule 62(d) ensures that a defendant can and will pay a victorious plaintiff if the judgment is affirmed. The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectable judgment and compensates him for delay in the entry of final

judgment." <u>United States v. O'Callaghan</u>, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011)(internal citation omitted).

Here, the Court determines that Express Scripts' requested supersedeas bond amount is adequate, and Apple Glen does not oppose the stay or the amount of the bond. The Motion is accordingly granted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Express Scripts, Inc.'s Motion to Approve Supersedeas Bond and Stay Enforcement of Amended Judgment (Doc. # 111) is **GRANTED.**

(2) The Court hereby stays any proceedings to enforce the Amended Judgment pending disposition of Express Scripts' appeal, including to the United States Supreme Court, if applicable.

(3) The Court authorizes Express Scripts to file a supersedeas bond with the Clerk of the Court in the amount of $6,388,534.28, and finds that the posting of the bond provides adequate security to Apple Glen for its interest in the Amended Judgment during the pendency of any appeals.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>31st</u> day of October, 2016.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE